

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FORD PRINCE,<br><br>          Petitioner,<br>   vs.<br><br>ROBERT J. HERNANDEZ,<br>Warden,<br><br>          Respondent. | Case No. CV 07-5374-DSF (RNB)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE, AND DENYING PETITIONER'S STAY REQUEST |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation have been filed by petitioner (through his appointed counsel), and the Court has made a de novo determination of those portions of the Report and Recommendation to which objections have been made.

Although petitioner objects to the Magistrate Judge's determination that Ground A of the Petition is unexhausted, his contention that he raised an insufficiency of the evidence claim directed to the felon in possession charge in his opening brief on direct appeal (a) begs the question of whether petitioner fairly presented Ground A to the California Supreme Court in his Petition for Review, and (b) is completely nonresponsive to the Magistrate Judge's finding that Ground A is

1

an entirely different insufficiency of the evidence claim from the insufficiency of the evidence claim made in petitioner's Petition for Review. In the Petition herein, petitioner is contending that the evidence was insufficient to support the felon in possession conviction because it was based on the testimony of two witnesses, one of whose testimony "was replete with contradiction" and the other of whose testimony was "wholly incredible" given the evidence of her "incredibly antagonistic" relationship with petitioner. In the Petition for Review, petitioner argued that the jury's verdict was not entitled to deference because "the context of the record clearly establishes that the jury rejected testimony of petitioner possessing and simultaneously firing a gun, but made fact findings of possession based solely on documents indicating a prior conviction for being a felon in possession of a firearm." Based on its own comparison of the Petition for Review to the Petition herein, the Court concurs with and adopts the Magistrate Judge's finding and conclusion that Ground A of the Petition is unexhausted.

Although petitioner objects to the Magistrate Judge's determination that Ground B of the Petition is unexhausted, his contention that the California Court of Appeal "directly addressed the propriety of the jury consulting petitioner's past criminal history to determine his guilt on the possession charge" (a) also begs the question of whether petitioner fairly presented Ground B to the California Supreme Court in his Petition for Review, and (b) is completely nonresponsive to the Magistrate Judge's finding that nowhere in the Petition for Review did petitioner purport to be asserting a separate claim that his federal constitutional right to due process was violated by juror misconduct. Petitioner did raise the issue in his Petition for Review of the jury relying on the evidence of his prior conviction for being a felon in possession of a firearm; however, he did so solely in the context of his claim that the evidence was insufficient to support the felon in possession conviction. Nowhere in the Petition for Review did petitioner cite the Jeffries case upon which he now is relying in support of Ground B or cite the federal standard for determining

2

Case 2:07-cv-05374-DSF-RNB   Document 23   Filed 03/03/08   Page 3 of 5   Page ID #:57

a juror misconduct claim. The Court concurs with the Magistrate Judge that, if petitioner intended to present a claim that his federal constitutional right to due process was violated by juror misconduct as a separate and distinct claim from his insufficiency of the evidence claim, it was incumbent on him to apprise the California Supreme Court that he was making such a claim. See, e.g., Gray v. Netherland, 518 U.S. 152, 162-63, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."); Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts, . . . or that a somewhat similar state-law claim was made."); Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) ("[T]he petitioner must make the federal basis [of the claim] explicit either by citing federal law or the decisions of federal courts, even if the federal basis of a claim is 'self-evident,' or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds."), as amended by 247 F.3d 904 (9th Cir. 2001). Based on its own comparison of the Petition for Review to the Petition herein, the Court therefore also concurs with and adopts the Magistrate Judge's finding and conclusion that Ground B of the Petition is unexhausted.

In his objections, petitioner requests that, if the Court finds Grounds A and B to be unexhausted, the Petition be stayed and held in abeyance while he returns to

state court to exhaust his state remedies with respect to Grounds A and B. In <u>Rhines v. Weber</u>, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Supreme Court held that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Two other prerequisites to invoking the stay and abeyance procedure are that the unexhausted claims not be "plainly meritless" and that petitioner not have engaged in "abusive litigation tactics or intentional delay." See <u>Rhines</u>, 544 U.S. at 277-78.

Here, petitioner contends that the requisite good cause is established by the ineffective assistance of counsel his state appellate counsel rendered when Grounds A and B "were convoluted" in the Petition for Review that he filed. The fallacy of this contention is that the Supreme Court has held that the right to counsel extends only "to the first appeal of right, and no further." See <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987). There is no constitutional right to counsel for the purpose of filing a petition for review to the California Supreme Court. See <u>Wainwright v. Torna</u>, 455 U.S. 586, 587-88, 102 S. Ct. 1300, 71 L. Ed. 2d 475 (1982) (no right to counsel when pursuing discretionary state appeal). And, where no constitutional right to counsel exists, there can be no claim for ineffective assistance. See <u>id.</u>; <u>Miller v. Keeney</u>, 882 F.2d 1428, 1432 (9th Cir. 1989) ("If a state is not constitutionally required to provide a lawyer, the constitution cannot place any constraints on that lawyer's performance.") (citation omitted).

Further, the Court finds that the insufficiency of the evidence claim being alleged in Ground A of the Petition (i.e., that the evidence was insufficient to support the felon in possession conviction because it was based on the testimony of two witnesses, one of whose testimony "was replete with contradiction" and the other of whose testimony was "wholly incredible" given the evidence of her "incredibly antagonistic" relationship with petitioner) is "plainly meritless." Under <u>Jackson v. Virginia</u>, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), the standard for

determining the sufficiency of evidence to support a conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. In making this determination, the reviewing court "must respect the province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict." Walters v. Maass, 45 F.3d 1355, 1358 (9th Cir. 1995); see also Jackson, 443 U.S. at 319, 324, 326.

The Court therefore approves and adopts the Magistrate Judge's Report and Recommendation, and further orders that (a) petitioner's request that the Petition be stayed and held in abeyance while he returns to state court to exhaust his state remedies with respect to Grounds A and B is denied, and (b) unless petitioner files within 20 days of the entry of the Order either a First Amended Petition that omits his currently unexhausted claims and is limited solely to his already exhausted claim or a notice of withdrawal of Grounds A and B, Judgment be entered denying the Petition and dismissing this action without prejudice for failure to exhaust state remedies.

DATED: 3-3-08

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE